UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY LAUES-GHOLSTON and
KRISTEN G. LAUES-GHOLSTON,

      Plaintiffs,                         No. 13-12463

v.                                     District Judge David M. Lawson
                                        Magistrate Judge R. Steven Whalen

HSBC MORTGAGE SERVICES,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, and ENCORE CREDIT CORP.,

      Defendants.
_____/

**ORDER DENYING MOTION TO STRIKE**

On March 21, 2014, Defendants HSBC Mortgage Services and Mortgage Electronic Registration System, Inc. filed a motion to dismiss [Doc. #22]. On April 1, 2014, I ordered Plaintiffs to file a response to the motion to dismiss by May 5, 2014 [Doc. #25]. Before the Court at this time is Plaintiffs' Motion to Strike Defendants' Motion to Dismiss [Doc. #26].

The Plaintiffs contend that the Defendants' motion to dismiss must be stricken "as it is a substantive and procedural nullity," *Motion to Strike*, p.2, but do not clearly explain how this is so. The Plaintiffs apparently challenge the Defendants' "standing," stating that there has been no "determination by this court via the showing on the record that

-1-

evidence has been brought forth to show HSBC or MERS have standing to be before this court...." *Id*. The concept of standing generally involves plaintiffs who bring a claim. Here, the Plaintiffs brought the Defendants into this case by suing them. The Defendants have the right to seek dismissal under Fed.R.Civ.P. 12(b)(6). If the Plaintiffs disagree with the Defendants' arguments, the correct procedure is to file a response to the motion, as I have ordered them to do.[1] There is nothing "procedurally" incorrect about Defendants' Rule 12(b)(6) motion, and the court will consider the merits of the motion in due course.

The Plaintiffs have alternatively requested an order to show cause under Judge Lawson's Practice Guidelines for Cases Removed from State Court, which states, "If jurisdiction is questionable, an order to show cause will be issued." However, Plaintiffs have already unsuccessfully challenged this Court's jurisdiction on removal, and the Court has found that there is diversity jurisdiction under 28 U.S.C. § 1332(a). *See Report and Recommendation* [Doc. #15 ](finding diversity jurisdiction), and *Order Denying Motions to Remand* [Doc. #19], at p.5 ("The Court has subject matter jurisdiction over the dispute.").

Finally, citing 5 U.S.C. § 3331 and "the common law authority" of *Andrade v.*

---

[1] If the Plaintiffs are basing their argument on a claim of improper removal from state court, that issue has already been decided against them. *See Order Adopting Magistrate Judge's Report and Recommendation, Overruling Plaintiff's Objections, and Denying Motions to Remand* [Doc. #19] and *Order Denying Motion for Reconsideration* [Doc. #20].

*Lauer*, 729 F.2d 1474 (C.A.D.C. 1984), Plaintiffs "demand verification that any actor who reviews or affects case number 13-12463 in any way furnish and enter into the record their oath to uphold the Constitution of the United States." The Sixth Circuit disposed of this patently frivolous type of request as follows in *United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007):

> "Conces next challenges the district court's subject matter jurisdiction over this case, in light of the district judge's failure to comply with his demand to produce certain 'oaths of office.' Yet, the statutes upon which he principally relied in advancing this same jurisdictional challenge in the court below, 5 U.S.C. §§ 2906 and 3331, apply by their terms only to individuals "elected or appointed to an office of honor or profit ***in the civil service or uniformed services,***" 5 U.S.C. § 3331 (emphasis added), and not to judicial officers. *See Miller v. Johnson,* 541 F.Supp. 1165, 1171 (D.D.C.1982). While federal judges have an analogous statutory obligation to take an oath before performing the duties of their office, *see* 28 U.S.C. § 453, nothing in this statute (or elsewhere in the law) requires that a district judge demonstrate to the satisfaction of a litigant in a particular case that he or she has taken this oath. Nor has Conces suggested any reason why a district court's subject matter jurisdiction over each case on its docket should hinge upon the district judge's ability or willingness to provide the parties with such proof of his or her compliance with § 453. Accordingly, the district court properly rejected this jurisdictional challenge as frivolous. (Footnotes omitted).

To the extent that these *pro se* Plaintiffs are obtaining their unorthodox theories from conspiracy- or anti-government-oriented websites on the Internet, they may want to take special note of footnote 13 of the *Conces* opinion:

> "Apart from the Lawmen website at issue in this case, we understand that other websites in the nether regions of the Internet advocate this same tactic— *i.e.,* demanding that federal judges establish their jurisdiction by producing copies of various oaths—as well as more generally urging litigants, particularly in tax cases, to challenge the authority of federal judges. We do not wish to dignify or draw undue attention to such websites by naming them here. We hope, nonetheless, that our opinion in this case

will help speed the demise of this particular 'urban legend.'"

For these reasons, Plaintiffs' Motion to Strike Defendants' Motion to Dismiss [Doc. #26] is DENIED. Pursuant to the Court's previous order [Doc. #25], Plaintiffs still have the opportunity to respond to the Defendants' motion to dismiss by May 5, 2014.

IT IS SO ORDERED.


Dated: April 22, 2014         s/R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 22, 2014, electronically and/or by U.S. mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable R. Steven Whalen