EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY LAUES-GHOLSTON and
KRISTEN G. LAUES-GHOLSTON,

           Plaintiffs,                  No. 13-12463

v.                                   District Judge David M. Lawson
                                   Magistrate Judge R. Steven Whalen

HSBC MORTGAGE SERVICES,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, and ENCORE CREDIT CORP.,

           Defendants.

_____ /

**REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss filed by Defendants HSBC Mortgage

Services ("HSBC") and Mortgage Electronic Registration System ("MERS") [Doc. #22],

which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1)(B). For the reasons discussed below, I recommend as follows:

(1) That HSBC's and MERS' motion to dismiss [Doc. #22] be GRANTED.

(2) That the Court *sua sponte* dismiss Plaintiffs' claim under the Truth in Lending

Act.

(3) That the Court *sua sponte* dismiss all claims against unserved Defendant

Encore Credit Corp.

-1-

(4) That Plaintiffs' complaint be DISMISSED WITH PREJUDICE.

## I.   FACTS

This is a mortgage case.  On May 17, 2013, Plaintiffs filed a *pro se* complaint in the Wayne County Circuit Court, seeking quiet title to their property and an order invalidating the first mortgage of $432,000.00 and the second mortgage of $108,000.00. Their complaint is centered on a claim that an assignment of the original mortgage severed the promissory note and the mortgage, thereby precluding HSBC's ability to foreclose and nullifying the mortgage. At  ¶ 1 of the complaint, Plaintiffs state that they "seek[] to quiet title by extinguishing Defendants['s] interest in the property as a remedy for fraud and the bifurcation of note and obligation."

The Plaintiffs acknowledge that they defaulted on the loans secured by both the first and second mortgages. *Id*. ¶ 21. Their claim of fraud appears to center on the assignment from MERS to HSBC and the "bifurcation" of the mortgage from the promissory note.  *Id*. ¶ 25. They also bring a claim under the Truth in Lending Act ("TILA"), alleging that they did not receive notice of the assignment of the original promissory note within 30 days.  *Id*. ¶ 11.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are

presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In

assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as

true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v.*

*Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining

whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic*

*Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court,

construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need

not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a

right to relief above the speculative level...on the assumption that all the allegations in the

complaint are true."  *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks

omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks

omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502

F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief

that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the

Court explained and expanded on what it termed the "two-pronged approach" of

*Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

## III.   DISCUSSION

### A.   Validity of HSBC's Foreclosure by Advertisement

Plaintiffs' claims center on their assertion that upon assignment from MERS to HSBC, their mortgages were improperly "severed" from the underlying promissory note:

> "In Michigan Law, a mortgage which has been severed from the corresponding Note does not entitle the Mortgage Holder to collect on the indebtedness or to take possession of the real property." *Complaint*, ¶ 10.

The Plaintiffs' are wrong. In *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), the plaintiff argued similarly that the separation of the mortgage from the promissory note precluded MERS (as well as assignees of MERS) from foreclosing pursuant to M.C.L. § 600.3204. Rejecting this argument, the Supreme Court held:

-4-

"[A]s record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness—i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MCL 600.3204(l)(d).

* * *

"[T]he Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who 'own[ ] the indebtedness' and parties who act as 'the servicing agent of the mortgage.'" [ *Saurman II,* 490 Mich. 909, quoting MCL 600.3204(l)(d).]

Relying on *Saurman* in *Yousif v. Bank of New York Mellon* 2012 WL 2403472, *3

(E.D.Mich. 2012), the Court held:

"Plaintiffs contend that Defendant did not own an interest in the indebtedness secured by the mortgage, and was therefore not permitted to foreclose by advertisement. Compl. ¶¶ 7–9. The Court disagrees. Defendant held a mortgage which was contingent upon the satisfaction of the promissory note. The Michigan Supreme Court has held that such a mortgage is an 'interest in the indebtedness' which permits the mortgage holder to foreclose by advertisement. *Residential Funding Co., L.L. C. v. Saurman,* 490 Mich. 909, 805 N.W.2d 183 (Mich.2011)."

*See also Fortson v. Federal Home Loan Mortg. Corp*. 2012 WL L 1183692, *3

(E.D.Mich. 2012)("The *Saurman* court held that MERS or an assignee of MERS can

complete a foreclosure by advertisement because 'it is the owner ... of an interest in the

indebtedness secured by the mortgage.' *Id.* A mortgage assignment by MERS and

eventual foreclosure sale by the assignee is consistent with the foreclosure by

advertisement statute.").

The Plaintiffs' reliance on Nineteenth Century Michigan cases and authority from other jurisdictions notwithstanding, *Saurman* is fatal to their claim that HSBC's foreclosure by advertisement was invalid.

## B.   Fraud

The Plaintiffs' claim of fraud, as set forth in ¶ 25 of their complaint, is derivative of their discredited bifurcation argument. For the reasons discussed above, it too must be dismissed.

## C.   TILA

Plaintiffs raise a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), contending that they did not receive notice of the assignments within 30 days. *Complaint*, ¶ 11.  While Defendants did not address this claim in their motion, where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction).  A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Plaintiffs' TILA claim is time-barred. Pursuant to 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction within one year from the date of the occurrence of the violation." As alleged in the complaint, the assignments of the first and second mortgages occurred in August, 2010 and March, 2012, respectively. *Complaint*, ¶¶ 6-7. The complaint was filed in Wayne County Circuit Court on May 17, 2013. Thus, the TILA claim, which was filed outside the statutory limitations period, has no basis in law or fact and must be dismissed.

### D.    Defendant Encore Credit Corp.

Defendant Encore Credit Corp. ("Encore") has not been served. However, the claims against Encore are the same as the claims against HSBC.  For the reasons discussed above, including the Michigan Supreme Court's decision in *Saurman*, those claims are "devoid of merit [and] no longer open to discussion," and should therefore be dismissed *sua sponte*. *Apple v. Glenn*, 183 F.3d at 479.

### IV.    CONCLUSION

I therefore recommend as follows:

(1) That HSBC's and MERS' motion to dismiss [Doc. #22] be GRANTED.

(2) That the Court *sua sponte* dismiss Plaintiffs' claim under the Truth in Lending Act.

(3) That the Court *sua sponte* dismiss all claims against unserved Defendant

Encore Credit Corp.

(4) That Plaintiffs' complaint be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2015

-8-

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 9, 2015, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager
