UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY LAUES-GHOLSTON and
KRISTEN LAUES-GHOLSTON,

        Plaintiffs,

v.

        Case Number 13-12463
        Honorable David M. Lawson
        Magistrate Judge R. Steven Whalen

HSBC MORTGAGE SERVICES, MORTGAGE
ELECTRONIC REGISTRATION SYSTEM, and
ENCORE CREDIT CORP.,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE

Plaintiffs Roy Laues-Gholston and Kristen Laues-Gholston filed a *pro se* complaint against the defendants seeking to invalidate two mortgages and quiet title to their residential property. The Court referred the case to Magistrate Judge R. Steven Whalen for pretrial management. Thereafter, defendants HSBC Mortgage Services ("HSBC") and Mortgage Electronic Registration System ("MERS") filed a motion to dismiss, to which the plaintiffs responded on April 22, 2014. Judge Whalen filed a report on February 9, 2015 recommending that the motion be granted and the case dismissed. The plaintiffs filed a document entitled "Notice of nonfeasance" on February 23, 2015, which the Court will construe as the plaintiffs' objections to the Magistrate Judge's report and recommendation. The matter is before the Court for *de novo* review.

I.

The plaintiffs acknowledge in their complaint that they signed two promissory notes for loans related to their home: one for $432,000 and the other for $108,000. The loans were secured

by residential mortgages executed by defendant Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for defendant Encore Credit Corporation. The mortgages subsequently were assigned to defendant HSBC. The plaintiffs allege in their complaint that HSBC does not hold both the mortgage and promissory note, and therefore the mortgages are invalid. They also bring a claim under the Truth in Lending Act ("TILA"), alleging that they did not receive notice of the assignment of the original promissory note within 30 days.

The defendants argued in their motion to dismiss that the plaintiffs cannot state a claim to quiet title on the basis that HSBC acquired the note to the property without also acquiring the corresponding mortgages. The defendants contend that the Michigan Supreme Court has held that it is permissible to bifurcate the mortgage and note, the plaintiffs failed to plead fraud with particularity, and the plaintiffs cannot establish fraud by alleging defects in the assignments.

Judge Whalen recommended that the motion to dismiss be granted, reasoning that the separation of a note from a mortgage does not preclude HSBC from foreclosing on the property. *See Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). Judge Whalen recommended that the Court dismiss the plaintiffs' claim under the Truth in Lending Act because the claim is time barred. *See* 15 U.S.C. § 1640(e) (establishing a one-year statute of limitations). He also recommended *sua sponte* that the Court dismiss the claims against defendant Encore Credit Corp., who has not been served, because those claims are entirely devoid of merit.

The defendants filed their document entitled "Notice of nonfeasance" on February 23, 2015, which the Court will construe as an objection.

II.

Objections to a report and recommendation are given fresh review. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The plaintiffs' objections, which are largely unintelligible, do not address the substance of the Magistrate Judge's report and recommendation. Instead, the plaintiffs attempt to relitigate issues that the Court has already decided.

*First*, the plaintiffs allege that the Court does not have subject matter jurisdiction. However, the Court previously determined that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 in the Court's February 27, 2014 order denying the plaintiffs' motions to remand. The plaintiffs have not offered any new information to suggest otherwise.

*Second*, the plaintiffs allege that Magistrate Judge R. Steven Whalen, this Court, and attorneys Francis R. Ortiz, Jennifer L. Newby, and Kelley M. Haladyna are engaged in a conspiracy

to subvert justice and aid the defendants. The allegations are largely incomprehensible and certainly do not address the substance of the Magistrate Judge's report and recommendation. It appears, however, that the plaintiffs' accusations stem from their disagreement with the Court's rulings. As the Court previously noted in its March 25, 2014 order denying the plaintiffs' motion to disqualify, disagreement with a judge's decision or ruling is not a basis for upsetting judicial rulings. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

III.

The Court, after giving fresh review to the plaintiffs' motion to dismiss, in light of the Magistrate Judge's report and recommendation and the plaintiffs' objections, finds that the Magistrate Judge reached the correct result.

Accordingly, it is **ORDERED** that the plaintiffs' objections [dkt. #37] are **OVERRULED**, and the Magistrate Judge's report and recommendation [dkt. #36] is **ADOPTED.**

It is further **ORDERED** that the defendants' motion to dismiss [dkt. #22] is **GRANTED.**

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE.**

                                      s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

Dated: March 4, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 4, 2015.

                          s/Susan Pinkowski
                          SUSAN PINKOWSKI